**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 20-0288** (BOR Appeal No. 2054570)
                    (Claim No. 2019012443)

**SHARON A. PUCCIO,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Murray American Energy, Inc., by Counsel Aimee M. Stern, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Sharon A. Puccio, by Counsel Robert L. Stultz, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied an orthopedic referral on April 2, 2019. On April 30, 2019, it denied a right knee MRI. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decisions in its August 29, 2019, Order. The Order was affirmed by the Board of Review on April 14, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

1

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. W. Va. Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Puccio, a coal miner, was injured in the course of her employment on December 5, 2018, when her foot slipped on some steps. Ms. Puccio sought treatment the following day at MedExpress where she was diagnosed with back sprain/strain, groin strain, and right knee sprain. A pelvis and right hip x-ray showed no acute abnormalities. A right knee x-ray showed mild degenerative changes but no acute abnormalities. The Employees' and Physicians' Report of Injury, completed that day, indicates Ms. Puccio injured her right knee, right thigh, and low back when she slipped off of some steps. The diagnoses were listed as sprain strain without tendon injury and sprain/strains of the hip and thigh. The claim was held compensable for right hip strain, lower back strain, and right knee sprain on December 18, 2018. A January 15, 2019, treatment note from MedExpress indicates Ms. Puccio saw some improvement with physical therapy. Ms. Puccio returned on January 29, 2019, and February 18, 2019, and again reported improvement in her symptoms.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on February 20, 2019, in which he diagnosed right hip sprain, low back sprain, and right knee sprain. Ms. Puccio had not reached maximum medical improvement and required four additional weeks of physical therapy. Ms. Puccio returned to MedExpress on March 20, 2019. She was referred to orthopedics for her right hip and right knee sprains. On March 28, 2019, it was noted that her right knee symptoms had shown no improvement. She was again referred to orthopedics. On April 12, 2019, a right knee MRI was recommended to evaluate continued pain and instability.

A March 21, 2019, treatment note from Mountain State Physical Therapy indicates an orthopedic consultation was recommended to assess the right knee. Dr. Mukkamala performed a second independent medical evaluation on March 28, 2019, in which he found that Ms. Puccio had reached maximum medical improvement for her compensable injuries. The claims administrator denied an orthopedic referral on April 2, 2019. On April 30, 2019, it denied a right knee MRI. Ms. Puccio returned to MedExpress on May 28, 2019, and reported ongoing pain in her right knee and thigh. Ms. Puccio saw orthopedics and a right knee MRI was inconclusive.

The Office of Judges reversed the claims administrator's decisions denying an orthopedic referral and a right knee MRI and authorized the treatment in its August 29, 2019, Order. The Office of Judges stated that the fact that Ms. Puccio reached maximum medical improvement does not, in and of itself, preclude medical treatment for compensable conditions. The Office of Judges determined that Ms. Puccio's reports of continued right knee pain are reliable. Ms. Puccio saw an orthopedic surgeon and underwent a right knee MRI subsequent to Dr. Mukkamala's finding of maximum medical improvement. The referral to orthopedics was determined to be reasonably required treatment for the ongoing symptoms related to the compensable right knee sprain. The Office of Judges noted that the opinion of Ms. Puccio's treating physician was entitled to equal evidentiary weight as that of Dr. Mukkamala. The Office of Judges also found that a right knee MRI was reasonable, necessary treatment for the compensable injury. The Office of Judges determined that Ms. Puccio has been consistently treated for her compensable injury by MedExpress, and right knee pain was consistently noted throughout the claim. The right knee symptoms failed to resolve with physical therapy. The Office of Judges concluded that an MRI was reasonable to determine the cause of Ms. Puccio's continuing right knee problems. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 14, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Puccio consistently reported right knee pain from the date of the compensable injury. She tried physical therapy but continued to experience right knee pain. Though Dr. Mukkamala found that Ms. Puccio had reached maximum medical improvement for her compensable injury, such a finding does not prevent additional medical treatment. Pursuant to West Virginia Code § 23-4-1(a) workers' compensation benefits shall be provided to those employees who have received personal injuries in the course of and as a result of their covered employment. Though she has reached maximum medical improvement for the compensable right knee sprain, an MRI and referral to orthopedics are reasonable medical treatment to determine if Ms. Puccio sustained additional right knee injuries.

Affirmed.

**ISSUED: June 23, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

3